Maureen Beyers, Atty. No. 017134
OSBORN MALEDON, P.A.
2929 North Central Avenue
Phoenix, Arizona 85012-2793
(602) 640-9305
mbeyers@omlaw.com

David F. Graham (*pro hac vice* application to be filed)
Hille R. Sheppard (*pro hac vice* application to be filed)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000
dgraham@sidley.com
hsheppard@sidley.com

*Attorneys for Defendants Dinyar S. Devitre,*
*Hikmet Ersek, Christina A. Gold, Jack M.*
*Greenberg, Betsy D. Holden, Alan J. Lacy,*
*Linda Fayne Levinson, Roberto G. Mendoza,*
*and Michael A. Miles, Jr.*

Karl M. Tilleman, Atty. No. 013435
STEPTOE & JOHNSON LLP
Collier Center, 16th Floor
201 East Washington Street
Phoenix, Arizona 85004
(602) 257-5244
ktilleman@steptoe.com

*Attorneys for Nominal Defendants The Western Union*
*Company and Western Union Financial Services, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| U.F.C.W. Local 1776 & Participating Employers Pension Fund, derivatively on behalf The Western Union Company, | No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Dinyar S. Devitre; Hikmet Ersek; Christina A. Gold; Jack M. Greenberg; Betsy D. Holden; Alan J. Lacy; Linda Fayne Levinson; Roberto G. Mendoza; Michael A. Miles, Jr.; Lord Dennis Stevenson; Wulf von Schimmelmann, | |
| Defendants, | |
| and | |

The Western Union Company, and
Western Union Financial Services,
Inc.,

Nominal Defendants.

1.      Defendants Dinyar S. Devitre, Hikmet Ersek, Christina A. Gold, Jack M. Greenberg, Betsy D. Holden, Alan J. Lacy, Linda Fayne Levinson, Roberto G. Mendoza, and Michael A. Miles, Jr., and Nominal Defendants The Western Union Company and Western Union Financial Services, Inc. (collectively, "Removing Defendants"), by and through their respective undersigned counsel, hereby remove the above-captioned civil action, pending as case No. CV-2010-027712 in the Superior Court of Arizona, County of Maricopa, and all claims and causes of action therein, from the Superior Court of Arizona, County of Maricopa, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and LRCiv 3.7.  Removing Defendants appear for the purpose of removal only and for no other purpose, reserving all defenses and rights available to each of them.  As ground for removal, the Removing Defendants state as follows:

**BASIS FOR JURISDICTION**

2.      On September 23, 2010, Plaintiff U.F.C.W. Local 1776 & Participating Employers Pension Fund ("Plaintiff") filed the Verified Shareholder Double Derivative Complaint ("Complaint" or "Compl.") in the Superior Court of Arizona, County of Maricopa.

3.      A waiver of service by Defendants Dinyar S. Devitre, Hikmet Ersek, Christina A. Gold, Jack M. Greenberg, Betsy D. Holden, Alan J. Lacy, Linda Fayne Levinson, Roberto G. Mendoza, and Michael A. Miles, Jr. was filed on October 26, 2010.  A waiver of service by Defendants The Western Union Company and Western Union Financial Services, Inc., was filed on October 28, 2010.  Defendants Lord Dennis Stevenson and Wulf von Schimmelmann have not been served.

4.      Defendant Dinyar S. Devitre is a citizen of New York, as alleged in the Complaint.  (Compl. ¶ 11.)

5.      Defendant Hikmet Ersek is a citizen of Austria, as alleged in the Complaint, who currently resides in Colorado.  (*Id*. ¶ 12.)

6.      Defendant Christina A. Gold is a citizen of Canada who currently resides in Colorado.  (*See id*. ¶ 13.)

7.      Defendant Jack M. Greenberg is a citizen of Illinois, as alleged in the Complaint.  (*Id*. ¶ 14.)

8.      Defendant Betsy D. Holden is a citizen of Illinois, as alleged in the Complaint.  (*Id*. ¶ 15.)

9.      Defendant Alan J. Lacy is a citizen of Illinois, as alleged in the Complaint.  (*Id*. ¶ 16.)

10.      Defendant Linda Fayne Levinson is a citizen of California, as alleged in the Complaint.  (*Id*. ¶ 17.)

11.      Defendant Roberto G. Mendoza is a citizen of New York, as alleged in the Complaint.  (*Id*. ¶ 18.)

12.      Defendant Michael A. Miles, Jr., is a citizen of Massachusetts, as alleged in the Complaint.  (*Id*. ¶ 19.)

13.      Defendant Lord Dennis Stevenson is a citizen of the United Kingdom, as alleged in the Complaint.  (*Id*. ¶ 20.)

14.      Defendant Wulf von Schimmelmann is a citizen of Germany, as alleged in the Complaint.  (*Id*. ¶ 21.)

15.      The Western Union Company is incorporated under the laws of Delaware and has its principal places of business in Colorado and is, therefore, a citizen of Delaware and Colorado for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

16.     Western Union Financial Services, Inc., is incorporated under the laws of Colorado and has its principal places of business in Colorado and is, therefore, a citizen of Colorado for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

17.     Plaintiff is an ERISA Trust.  Plaintiff alleges that it is a citizen of New Jersey and Pennsylvania.  (*Id*. ¶ 8.)

18.     On July 26, 2010, Plaintiff filed in the United States District Court for the District of Colorado a complaint ("the Colorado Complaint") substantially identical to that which it has now filed in No. CV-2010-027712.  In the Colorado Complaint, Plaintiff alleged federal jurisdiction based on complete diversity of citizenship.  (*See* Verified Shareholder Double Derivative Complaint and Jury Demand at ¶ 4, *U.F.C.W. Local 1776 & Participating Employers Pension Fund v. Devitre*, No. 10-cv-01769 (D. Colo.) (attached as Ex. A).)

19.     The federal district court judge to whom the Colorado Complaint was assigned subsequently entered an Order to Show Cause as to why Plaintiff's action should not be dismissed for lack of subject-matter jurisdiction.  In response to the Order to Show Cause, Plaintiff took the position that for purposes of diversity jurisdiction its citizenship is that of its trustees.  (*See* Plaintiff's Response to Order to Show Cause at ¶¶ 10-11, *U.F.C.W. Local 1776 & Participating Employers Pension Fund v. Devitre*, No. 10-cv-01769 (D. Colo.) (attached as Ex. B).)  Plaintiff represented that because its trustees are citizens of New Jersey and Pennsylvania, and none of the defendants is a citizen of those states, complete diversity exists.  (*See* Ex. B at ¶ 7; Affidavit of Eric L. Young in Support of Plaintiff's Response to Order to Show Cause at ¶ 5, *U.F.C.W. Local 1776 & Participating Employers Pension Fund v. Devitre*, No. 10-cv-01769 (D. Colo.) (attached as Ex. C).)

20.     On September 10, 2010, the federal district court judge dismissed the Colorado Complaint based on his interpretation of Tenth Circuit precedent, which, he believed, indicated that when an ERISA trust sues in its own name, its citizenship is that of its beneficiaries, not that of its trustees.  *See U.F.C.W. Local 1776 &*

*Participating Employers Pension Fund v. Devitre*, 2010 WL 3632206, at *1 (D. Colo. Sept. 10, 2010) (citing *Lenon v. St. Paul Mercury Ins. Co*., 136 F.3d 1365, 1371 (10th Cir. 1998)).  Plaintiff had not provided information regarding the citizenship of its beneficiaries, and thus the federal district court judge held that Plaintiff had "failed to fulfill its duty in establishing the Court's subject-matter jurisdiction over this case." *See U.F.C.W. Local 1776*, 2010 WL 3632206, at *2.

21.     There is a circuit split among the federal courts of appeals regarding the test for determining the citizenship of a trust.  13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3630.1 (3d ed.).

22.     Unlike the Tenth Circuit, the Ninth Circuit has held that the citizenship of a trust is that of the trustees.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."). The Second, Sixth, and Seventh Circuits have likewise held that the citizenship of a trust is that of its trustees.  *See, e.g., Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 124 (2d Cir. 2008); *Homfeld II, L.L.C. v. Comair Holdings, Inc*., 53 Fed. Appx. 731, 732 (6th Cir. 2002); *May Dep't Stores Co. v. Fed. Ins. Co*., 305 F.3d 597, 599 (7th Cir. 2002).

23.     The Ninth Circuit's holding on this issue accords with the legal position previously expressly advocated by Plaintiff itself in proceedings before the Colorado federal district court.

24.     Under the Ninth Circuit's test for determining the citizenship of a trust, Plaintiff is a citizen of New Jersey and Pennsylvania, *i.e*., the two states of which its trustees are citizens.

25.     The Complaint alleges that Defendants have caused the company to incur "millions of dollars of legal liability and/or expenses" and seeks to recover this amount, plus attorneys' fees and costs.  (Compl. ¶¶ 3, 87.)  In particular, the Complaint seeks to hold Defendants liable for amounts spent "to investigate, defend, and resolve the proceedings in Arizona leading to the Settlement Agreement,"

including the $94 million settlement payment made by Western Union Financial Services, Inc.  (*Id*.)  In the Colorado Complaint, Plaintiff alleged that the amount in controversy exceeded $75,000, exclusive of interest and costs.  (Ex. A at ¶ 4.)

26.     All Defendants consent to the removal of this action.

27.     This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship.  Plaintiff is a citizen of New Jersey and Pennsylvania, whereas Defendants are citizens of Delaware, Colorado, New York, Illinois, California, Massachusetts, Canada, Austria, the United Kingdom, and Germany.  None of the Defendants is a citizen of Arizona.  Further, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BASIS FOR REMOVAL

28.     This notice is timely filed in accordance with 28 U.S.C. § 1446(b) because it has been filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 356 (1999) (holding that the thirty day period for removal does not begin to run until defendant has been served); *Cooke v. Masterpharm, LLC*, 2010 WL 2490536, at *2 (D. Ariz. June 16, 2010) (holding that where defendants waive service, the thirty day period for removal begins to run from the date the waiver of service is filed with the court).

29.     This Court is part of the "district and division embracing the place where" the State Court Action was filed – Maricopa County, Arizona.  28 U.S.C. § 1446(a).

30.     Pursuant to 28 U.S.C. § 1446(a), this Notice is accompanied by copies "of all process, pleadings, and orders served upon" Defendants.  (Attached as Ex. D.)

31.     Pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.7, Removing Defendants State that they have filed a copy of this Notice of Removal with the Clerk of the

Superior Court of Arizona, Maricopa County, and that they will promptly give written notice of this removal to all adverse parties.

WHEREFORE, the Removing Defendants respectfully remove this action, now pending in the Superior Court of Arizona, County of Maricopa, to the United States District Court for the District of Arizona.

DATED this 17th day of November, 2010.

OSBORN MALEDON, P.A.


By  s/Maureen Beyers
   Maureen Beyers
   2929 North Central
   Suite 2100
   Phoenix, Arizona 85012-2793

   SIDLEY AUSTIN LLP
   David F. Graham
   (*pro hac vice* application to be filed)
   Hille R. Sheppard
   (*pro hac vice* application to be filed)
   One South Dearborn
   Chicago, Illinois 60603

   *Attorneys for Defendants Dinyar S. Devitre, Hikmet Ersek, Christina A. Gold, Jack M. Greenberg, Betsy D. Holden, Alan J. Lacy, Linda Fayne Levinson, Roberto G. Mendoza, and Michael A. Miles, Jr.*


STEPTOE & JOHNSON LLP


By  s/Karl M. Tilleman with permission
   Karl M. Tilleman,
   STEPTOE & JOHNSON LLP
   Collier Center, 16th Floor
   201 East Washington Street
   Phoenix, Arizona 85004

   *Attorneys for Nominal Defendants The Western Union Company and Western Union Financial Services, Inc.*

3398537_1