| | |
|---|---|
| 1 | Karl M. Tilleman (013435) |
| | ktilleman@steptoe.com |
| 2 | Charles G. Cole *(pro hac vice application to be filed)* |
| | ccole@steptoe.com |
| 3 | Jason D. Sanders (018600) |
| | jsanders@steptoe.com |
| 4 | STEPTOE & JOHNSON LLP |
| | 201 E. Washington St., Suite 1600 |
| 5 | Phoenix, Arizona 85004 |
| | Telephone: (602) 257-5200 |
| 6 | Facsimile: (602) 257-5299 |
| 7 | Attorneys for Nominal Defendants |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| U.F.C.W. LOCAL 1776 & PARTICIPATING EMPLOYERS PENSION FUND, derivatively on behalf of The Western Union Company, | ) ) ) ) | Case No. CV 10-2496-PHX-JAT |
| Plaintiff, | ) ) | |
| vs. | ) ) | **THE NOMINAL DEFENDANTS' MOTION TO DISMISS** |
| DINYAR S. DEVITRE, HIKMET ERSEK, CHRISTINA A. GOLD, JACK M. GREENBERG, BETSY D. HOLDEN, ALAN J. LACY, LINDA FAYNE LEVINSON, ROBERTO G. MENDOZA, MICHAEL A. MILES, JR., LORD DENNIS STEVENSON, WULF VON SCHIMMELMANN, | ) ) ) ) ) ) ) ) | (Oral Argument Requested) |
| Defendants, | ) ) | |
| And | ) ) | |
| THE WESTERN UNION COMPANY, and WESTERN UNION FINANCIAL SERVICES, INC., | ) ) ) ) | |
| Nominal Defendants. | ) | |

# INTRODUCTION

Plaintiff has sued in the wrong court. Plaintiff purports to bring this action derivatively on behalf of two nominal defendants, defendant parent corporation The Western Union Company ("WUC") and its wholly owned subsidiary, Western Union Financial Services, Inc. ("WUFSI"). Plaintiff asserts that it is a WUC shareholder and can bring this action as a "double derivative" suit against WUC's officers and directors. (Compl. ¶ 61)

However, WUC is not incorporated in Arizona and does not do business in Arizona. As set forth below, WUFSI (and not WUC) is the Western Union entity actually doing business in Arizona. Because activities of a subsidiary corporation are not attributable to a parent for purposes of personal jurisdiction, this Court lacks personal jurisdiction over WUC.

Without jurisdiction over the parent corporation, the Court has no jurisdiction over the subsidiary corporation or the individual defendants. It is well-established that a parent corporation such as WUC is a necessary and indispensable party in a double derivative suit like this one. Plaintiff owns no shares in WUFSI, but asserts its claim only by and through WUC. Because this Court does not have jurisdiction over WUC, an indispensable party, any claims involving WUFSI or the individual defendants must also be dismissed.

# FACTUAL BACKGROUND

In July 2010, plaintiff U.F.C.W. Local 1776 & Participating Employers Pension Fund ("Local 1776 Fund") filed a shareholder derivative Complaint in Colorado federal district court against certain WUC officers and directors arising from alleged violations of fiduciary duties owed to WUC and WUFSI. *U.F.C.W. Local 1776 & Participating Employers Pension Fund, derivatively on behalf of The Western Union Company v. Devitre, et. al.*, Civil Action No. 10-cv-01769-PAB-MEH. The Complaint was filed on behalf of nominal defendants, WUC and WUFSI. In September 2010, Judge Philip A. Brimmer dismissed that case due to the Colorado Court's lack of subject-matter

jurisdiction. *U.F.C.W. Local 1776 & Participating Employers Pension Fund v. Devitre*, 2010 WL 3632206 (D. Colo. Sept. 10, 2010).

Seeking a new forum for its lawsuit, plaintiff turned to Arizona. On September 23, 2010, plaintiff filed a nearly identical shareholder derivative Complaint in Arizona state court against the same directors and officers whom it sued in Colorado (the "individual defendants").[1] Plaintiff asserts two causes of action against the individual defendants: a purported derivative claim for breach of fiduciary duties and a purported derivative claim for waste of corporate assets. (Compl. ¶¶ 81-89) Plaintiff named the same two nominal defendants, WUC and WUFSI, and called it a "shareholder double derivative action." (Compl. ¶¶ 1, 9-10)

As alleged in the Complaint, nominal defendant WUC is a Delaware corporation with its principal place of business in Colorado. (Compl. ¶ 9) Nominal defendant WUFSI is a Colorado corporation with its principal place of business in Colorado. (Compl. ¶ 10) WUFSI, a subsidiary of WUC, is a financial services company engaged in the business of transmitting money sent by one person to another person via wire. (Compl. ¶ 10)

The Complaint purports to assert claims on behalf of WUC and WUFSI against current and former WUC officers and directors for their alleged failure to implement and oversee WUFSI's compliance with certain anti-money laundering laws and regulations, including the Bank Secrecy Act, 31 U.S.C. §§ 5311 *et seq.*, and A.R.S. § 13-2317. (Compl. ¶ 2, 47, 81) Plaintiff claims that these alleged failings resulted in a February 2010 Settlement Agreement with the Arizona Attorney General (in cooperation with the Attorneys General for three other states). Plaintiff further alleges that as part of the Settlement Agreement WUFSI — not WUC — agreed to pay $94 million to resolve all potential claims arising from certain conduct involving payments tied to alleged money laundering violations that purportedly facilitated human

---

[1] WUC, WUFSI, and the individual defendants who have been served removed the case to federal court on November 17, 2010.

1 smuggling from Mexico into the United States through Arizona. (Compl. ¶ 3, 31) The
2 Settlement Agreement ended litigation between Arizona and WUFSI that began in 2006
3 after the State directed WUFSI to produce data reflecting any wire transfers of $300 or
4 more from any location worldwide to Sonora, Mexico, and obtained warrants
5 authorizing the seizure and forfeiture of certain transfers sent from Arizona and twenty-
6 eight other states to specified locations in Sonora. (Compl. ¶ 32) WUC was neither a
7 party in the litigation nor a party to the February 2010 Settlement Agreement.

8       The sole jurisdictional allegation made by plaintiff regarding WUC is that this
9 Court supposedly has jurisdiction over all of the "defendants" because they purportedly
10 conduct business in Arizona and/or are citizens of Arizona. (Compl. ¶ 4) As
11 demonstrated below, that unsupported and conclusory allegation is insufficient to
12 support a finding that this Court has personal jurisdiction over WUC.

13 **1.    THE COURT LACKS PERSONAL JURISDICTION OVER WUC.**

14       The Court should dismiss plaintiff's claims against WUC for lack of personal
15 jurisdiction. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the
16 plaintiff bears the burden of establishing that the Court has personal jurisdiction over
17 each defendant. *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008); *Prestige*
18 *Administration, Inc. v. US Fidelis, Inc.*, 2010 WL 1531163, *1 (D. Ariz. 2010)
19 ("plaintiff bears the burden of establishing personal jurisdiction"). The plaintiff must
20 allege specific facts connecting each defendant with the forum; it cannot rely on bare
21 allegations and conclusory statements. *Amba Marketing Systems, Inc. v. Jobar Int'l,*
22 *Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Plaintiff cannot meet that burden here.

23       A district court sitting in diversity has personal jurisdiction over a defendant only
24 to the extent provided by the law of the forum state. *Boschetto,* 539 F.3d at 1015.
25 Arizona's long-arm statute provides for personal jurisdiction coextensive with the limits
26 of federal due process. Ariz. R. Civ. P. 4.2(a). Thus, for Arizona to have personal
27 jurisdiction over a nonresident defendant, the defendant must "have sufficient minimum
28 contacts with the forum state such that the maintenance of the suit does not offend

1  traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 199
2  Ariz. 1, 3 (2000), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).
3  Jurisdiction may be either general or specific but, in either type, "the constitutional
4  touchtone remains whether the defendant purposefully established 'minimum contacts'
5  in the forum State." *Id.*

6       General jurisdiction may be exercised only if WUC had "substantial" or
7  "continuous and systematic" contacts with Arizona. *Austin v. CrystalTech Web Hosting*,
8  211 Ariz. 569, 574 (App. 2005). Plaintiff makes no such allegations here. Indeed,
9  plaintiff does not allege that WUC has any agents, any physical presence, any offices, or
10 any property within Arizona. *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268,
11 270 (1987). Nor does plaintiff allege that WUC is domiciled in Arizona, is organized
12 under the laws of Arizona, or maintains its principal place of business in Arizona. As a
13 result, WUC clearly is not subject to Arizona's general jurisdiction. *See Williams*, 199
14 Ariz. at 3 ("The level of contact required to show general jurisdiction is quite high").

15      Nor does this Court have specific jurisdiction over WUC. Specific jurisdiction
16 exists only if (1) the defendant performed some act or consummated some transaction
17 within Arizona by which he purposefully availed himself of the privilege of conducting
18 business in Arizona; (2) the claim arises out of or results from the defendant's Arizona-
19 related activities; and (3) the exercise of jurisdiction would be reasonable. *Boschetto*,
20 539 F.3d at 1016; *Austin*, 211 Ariz. at 574. The requisite connection with Arizona that
21 justifies the exercise of extraterritorial jurisdiction must result from an action of the
22 defendant that is purposefully directed toward Arizona; mere foreseeability of contact
23 with Arizona is not enough. *Uberti v. Leonardo*, 181 Ariz. 565, 570-71 (1995).

24      Here, the Complaint provides no basis for this Court to exercise specific
25 jurisdiction over WUC. WUC is a Delaware corporation. (Compl. ¶ 9) WUC's
26 principal place of business is in Colorado. (*Id.*) The Complaint alleges that the two
27 nominal defendants "conduct business in Arizona and/or are citizens of Arizona."
28

(Compl. ¶ 4) However, the Complaint provides no specific facts to support that assertion with regard to WUC.

WUC is not an Arizona resident and is not licensed to do business in Arizona. (Declaration of Katharine Thiemes at ¶ 3, 6, attached as Exhibit 1) WUC is the holding company of WUFSI, but WUC does not conduct any operations in Arizona. (*Id.* at ¶ 4) WUC has no offices, officers, employees or directors in Arizona. (*Id.* at ¶ 6) Nor does WUC have any bank accounts or own any property in Arizona. (*Id.*) Contrary to plaintiff's contention, WUC does not conduct any business in Arizona. (*Id.* at ¶ 7) Indeed, plaintiff does not even allege that WUC has ever "purposefully availed" itself of the privilege of conducting business in Arizona. *Batton*, 153 Ariz. at 268 ("it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws"), *quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Nor can plaintiff make such allegations.

Instead, plaintiff lumps WUC and its subsidiary WUFSI together as one indistinguishable entity, presumably to establish that WUC either is present generally in Arizona, or transacts business in this State. That characterization is inaccurate and misleading. The result, typified in plaintiff's assertion that this Court "has jurisdiction over defendants because they conduct business in Arizona and/or are citizens of Arizona," is an attempt both to ignore the separate identity of WUFSI and to use WUFSI's contacts with Arizona to impose jurisdiction upon WUC. Indeed, the only "connection" that WUC has to Arizona is that one of its subsidiaries — WUFSI — conducts business in Arizona.

It is well-established, however, that the "carrying on of business activities in this state by a foreign corporate parent through its subsidiary corporations does not constitute the doing of business here by the parent so as to subject the parent to the long arm jurisdiction of this state." *Lycoming Division of Avco Corp. v. Superior Court*, 22 Ariz. App. 150, 153 (1974); *see also Doe v. Unocal Corp.,* 248 F.3d 915, 925 (9th Cir.

2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum"); *Allen v. Russian Fed'n*, 522 F. Supp. 2d 167, 195 (D.D.C. 2007) ("The acts of a subsidiary operating within a particular forum, however, are not ordinarily attributable to a foreign parent corporation"). There is no basis to impute WUFSI's contacts with Arizona to WUC. Clearly, therefore, plaintiff has failed to satisfy its burden of showing that WUC purposefully directed its activities at Arizona. *Boschetto*, 539 F.3d at 1016 (plaintiff failed to meet its burden of showing that the defendants purposefully availed themselves of the privilege of doing business in the forum state).

In addition, even if nominal defendant WUC had purposefully directed business activities at Arizona, it would not be reasonable to subject WUC to Arizona jurisdiction. Plaintiff is not an Arizona resident (Compl. ¶ 8) and has no special interest in obtaining relief in Arizona. *Austin,* 211 Ariz. at 575 (finding that it would be unreasonable for Arizona to exercise jurisdiction where neither the plaintiff nor the defendant were Arizona residents). Indeed, plaintiff filed its Arizona Complaint only after Judge Brimmer dismissed the Complaint that plaintiff filed in Colorado Federal Court. Nor would the State of Arizona have any special interest in resolving a dispute between an out-of-state plaintiff and the individual defendants, none of whom live in Arizona. *Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102, 114 (1987) (because the third-party plaintiff was not a resident of the forum, the forum's legitimate interests in the dispute diminished considerably). Accordingly, the Court should dismiss plaintiff's claims against WUC for lack of personal jurisdiction.

**2. PLAINTIFF'S CLAIMS AGAINST WUFSI AND THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT LACKS JURISDICTION OVER WUC — AN INDISPENSABLE PARTY.**

It "has been settled law for over a century" that the wronged corporation is an indispensable party to a shareholder derivative action since any right of recovery belongs to it. *Knop v. Mackall*, 640 F.Supp.2d 58, 63 (D.D.C. 2009). "The presence of

the corporation is required so that it can receive the monetary award in the event of recovery." *Sternberg v. O'Neil*, 550 A.2d 1105, 1124 (Del. 1988). The corporation's presence is also required so that res judicata will attach to the final judgment. "This ensures that prevailing officers or directors will not be subject to repeated derivative claims by different minority shareholders." *Knop*, 640 F.Supp.2d at 63, n. 6; *Greenberg v. Giannini*, 140 F.2d 550, 554 (2d Cir. 1944) (corporation is an indispensable party to a derivative action in part because the directors "will not be protected by any judgment which does not include the corporation").

"The same logic has been held to apply in a double derivative suit." *Sternberg*, 550 A.2d at 1124; *Levine v. Milton*, 219 A.2d 145, 146 (Del. Ch. 1966) (finding that parent and subsidiary, "for whose benefit this action is brought, are indispensable parties"); 13 *Fletcher Cyclopedia of the Law of Private Corporations* § 5997 (rev. ed. 1984) ("In a double derivative proceeding, both the parent and the subsidiary corporations are necessary parties"). "The parent corporation is an indispensable party in a double derivative suit against a subsidiary because any recovery for losses suffered by the subsidiary that were being sued upon would go to the parent." *Sternberg*, 550 A.2d at 1124.

Accordingly, where — as here — the Court does not have jurisdiction over the parent corporation (WUC), it must also dismiss the claims against the subsidiary (WUFSI) for failure to join an indispensable party. *Id.* (the lower court "was correct in concluding that if it did not have jurisdiction over the parent corporation, the entire double derivative suit must be dismissed); *Sylvia Martin Foundation, Inc. v. Swearingen*, 260 F.Supp. 231, 234 (S.D.N.Y. 1966) ("our dismissal as to [the parent] would also require a dismissal of the complaint as to [the subsidiary] on the second ground: failure to join [the parent] – an indispensable party"). Plaintiff is not a shareholder in WUFSI and has no ability to proceed against WUFSI absent the parent corporation. Fed. R. Civ. P. 23.1(b)(1); *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir.

1983) (plaintiffs asserting a derivative claim must be shareholders at the time of the alleged wrong and must retain ownership for the duration of the lawsuit).

Moreover, because the Court does not have personal jurisdiction over WUC — an indispensable party — the plaintiff's claims against the individual defendants should also be dismissed. *See Standard*, 260 F.Supp. at 235 (dismissing plaintiff's complaint against all parties, including the individual officer and director defendants "for failure to join indispensable parties"); *Levine*, 219 A.2d at 147 (dismissing entire action, including claims against individual defendants, where the Court did not have jurisdiction over indispensable parties); *Sternberg*, 550 A.2d at 1124 (if Court does not have jurisdiction over the parent corporation, "the entire double derivative suit must be dismissed"). As these precedents make clear, having this case proceed without the nominal defendants would not be in their best interest because without them: (1) effective relief could not be granted, (2) res judicata would not attach to any final judgment against the remaining defendants, and (3) the individual defendants could be subject to repeated derivative claims by other shareholders. *See Knop*, 640 F.Supp.2d at 63, n.6. Thus, the claims against the individual defendants cannot proceed for lack of an indispensable party.[2]

///
///
///

---

[2] By the same token, as independent basis for dismissal, if the individual defendants are dismissed, any claims relating to the nominal defendants must also be dismissed since no relief can be granted.

## **Conclusion**

For the foregoing reasons, the Court should dismiss WUC for lack of personal jurisdiction and dismiss any remaining claims involving WUFSI and the individual defendants for lack of an indispensable party. As a result, the entire case should be dismissed.

RESPECTFULLY SUBMITTED this 24th day of November, 2010.

STEPTOE & JOHNSON LLP

By s/Karl M. Tilleman
Karl M. Tilleman
Charles G. Cole  *(pro hac vice application to be filed)*
Jason D. Sanders
STEPTOE & JOHNSON LLP
201 E. Washington St., Suite 1600
Phoenix, Arizona 85004-2382

Attorneys for Nominal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system on the following:

> Gerald Barrett
> WARD, KEENAN & BARRETT, PC
> 3838 N Central Ave., Ste. 1720
> Phoenix, Arizona  85012
> *Attorneys for Plaintiff*
>
> Maureen Beyers
> OSBORN MALEDON, PA
> 2929 N Central Avenue
> Phoenix, Arizona  85012
>
> David F. Graham
> Hille R. Sheppard
> SIDLEY AUSTIN LLP
> One South Dearborn
> Chicago, Illinois 60603
>
> *Attorneys for Defendants*

I certify that the following participants in the case were served by US Mail:

> Seth D. Rigrodsky
> Brian D. Long
> RIGRODSKY & LONG, PA
> 9191 N Market Street, Ste. 980
> Wilmington, Delaware  19801
> *Attorneys for Plaintiff*
>
> Eric L. Young
> EGAN YOUNG
> 562 Township Line Road, Ste. 100
> Bule Bell, Pennsylvania  19422
> *Attorneys for Plaintiff*

> s/ Beth E. Gibson
> Beth E. Gibson
> Legal Secretary